EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### Case No. 19-cv-4844 (DLC)

**CHRIS KOSACHUK,**

      **Plaintiff,**

**NLG, LLC,**

      **Intervenor,**

**v.**

**SELECTIVE ADVISORS GROUP, LLC,**

      **Defendant.**

_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR REHEARING/RELIEF/AMENDMENT OF**
**THE SEPTEMBER 30, 2019 OPINION AND ORDER [DOC. 94]**

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page ii

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………iii

INTRODUCTION…………………………………………………………………………1

BACKGROUND………..………………………………………………………………………1

LEGAL ARGUMENT……………………………………………………………………….3

    Rooker-Feldman Does Not Apply to Void Judgments ...............................................3

    The constitutional issues are not inextricably intertwined..........................................5

    Kosachuk and NLG were not "state court losers" ......................................................6

    Kosachuk is not complaining of an injury *caused* by the state-court judgment ..........10

    Under New York law, both NLG and Kosachuk are authorized to file
    a plenary action ........................................................................................................13

    The Statute of Limitations does not apply to void judgments ....................................16

    Kosachuk filed this action within the statute of limitations...................................... …19

CONCLUSION.......................................................................................................…20

CERTIFICATE OF SERVICE ...............................................................................…21

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page iii

# <u>TABLE OF AUTHORITIES</u>

*Allen v. McCurry*
449 U.S. 90, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)…………………………………………...10

*Bank of N.Y. Mellon Trust Co., N.A. v Claypoole*
150 AD3d at 506……………………………………………………………………………....18

*Bricklayers Ins. & Welfare Fund v. Sukhmany Constr., Inc.*
No. 13-CV-6803 (ILG) (SMG), 2014 U.S. Dist. LEXIS 176486 (E.D.N.Y. Dec. 22, 2014)…...17

*Burciaga v. Deutsche Bank Nat'l Tr. Co.*
871 F.3d 380 (5th Cir. 2017)……………………………………………………………………...4

*Casale v. Tillman*
558 F.3d 1258 (11th Cir. 2009)…………………………………………………………………9, 10

*Consol. Data Terminals v. Applied Dig. Data Sys.*
512 F. Supp. 581, 588 (N.D. Cal. 1981)………………………………………………………….1

*Cruz v. Melecio*
204 F.3d 14 (1st Cir. 2000)……………………………………………………………………14

*Davis v. Bayless, Bayless & Stokes*
70 F.3d 367 (5th Cir. 1995)……………………………………………………………………...14

*D.C. Court of Appeals v. Feldman*
460 U.S. 462, 103 S. Ct. 1303 (1983)……………………………………………………….passim

*Empire of Am. Realty Credit Corp. v. Smith*
227 A.D.2d 931, 643 N.Y.S.2d 246 (App. Div. 4th Dept. 1996)………………………………...13

*Exxon Mobil Corp.* v. *Saudi Basic Industries Corp*
544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)………………………………...7, 8, 11

*Faison v Lewis*
25 NY3d 220, 230, 10 N.Y.S.3d 185, 32 N.E.3d 400………………………………………....18, 19

*Fontana Empire Ctr., Ltd. Liab. Co. v. City of Fontana*
307 F.3d 987 (9th Cir. 2002)……………………………………………………………….........14

*Gilbert v. Ill. State Bd. of Educ.*
591 F.3d 896 (7th Cir. 2010)……………………………………………………………………10

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page iv

*Gould v. Airway Office, LLC*
2016 U.S. Dist. LEXIS 94229 (S.D.N.Y. July 19, 2016)………………………………………9

*Graciette v. Star Guidance, Inc.*
66 F.R.D. 424 (S.D.N.Y. 1975)………………………………………………………………...4

*Gray v. Nussbeck (In re Gray)*, 573 B.R. 868
(Bankr. D. Kan. 2017)…………………………………………………………………………5

*GTR Source, LLC v. Futurenet Grp., Inc.*
2018 NY Slip Op 50311(U), ¶¶ 1-2, 58 Misc. 3d 1229(A), 98 N.Y.S.3d 500 (Sup. Ct.)……….14

*Guaranty Trust Co.* v. *York*
326 U.S. 99, 108, 65 S. Ct. 1464, 1469 (1945)……………………………………………..15

*Gulla v. North Strabane Township*
146 F.3d 168, 1998 WL 294013 (3d Cir. 1998)……………………………………………10

*Hege v. Aegon USA, LLC*,
780 F. Supp. 2d 416 (D.S.C. 2011)…………………………………………………………14

*In re Cruz*, 254 B.R. 801
(Bankr. S.D.N.Y. 2000)………………………………………………………………………..4

*In re Dabrowski*, 257 B.R. 394, 406
(Bankr. S.D.N.Y. 2001)………………………………………………………………………..4

*In re Heating Oil Partners*
No. 3:08-CV-1976 (CSH), 2009 U.S. Dist. LEXIS 117871, at *12 (D. Conn. Dec. 17, 2009)….4

*In Re Selective Advisor Group, LLC*
Case No. 19-14602(AJC) (US Bankruptcy Court S.D. Fla. Jul. 25, 2019) Doc. 79]……………..2

*Johnson* v. *De Grandy*
512 U.S. 997, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994)………………………………………..8

*Kamilewicz v. Bank of Boston Corp.*
100 F.3d 1348 (7th Cir. 1996)…………………………………………………………………...14

*Kronos, Inc. v. AVX Corp.*
81 N.Y.2d 90, 595 N.Y.S.2d 931, 612 N.E.2d 289 (1993)………………………………......19, 20

*Kropelnicki v. Siegel*
290 F.3d 118 (2d Cir. 2002)……………………………………………………………………6, 7

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page v

*Kulak v. City of N.Y.*
88 F.3d 63 (2d Cir. 1996)……………………………………………………………………...13

*Lance v. Dennis*
546 U.S. 459, 126 S. Ct. 1198 (2006)……………………………………………………passim

*LNV Corp. v Sorrento*
154 AD3d at 841……………………………………………………………………………18

*McCarter v. Mitcham*
883 F.2d 196 (3d Cir. 1989)…………………………………………………………………...13

*McCraw v. Simpson*
141 F.2d 789 (10th Cir. 1944)…………………………………………………………………..1

*McKithen v. Brown*
481 F.3d 89 (2d Cir. 2007)…………………………………………………………….....11, 12

*Moccio v. N.Y. State Office of Court Admin.*
95 F.3d 195 (2d Cir. 1996)……………………………………………………………………6

*NLG, LLC v. Hazan* et al.
Case No. 11-42770 in the Eleventh Judicial Circuit in and for Miami-Dade County Florida…..20

*NLG, LLC v. Hazan,*
Case No. 18cv24272(RS) (S.D. Fla. Sept. 26, 2019) Doc. 133]…………………………………3

*OneWest Bank v. Schiffman,*
2019 N.Y. App. Div. LEXIS 6792 *; 2019 NY Slip Op 06782 **; 2019 WL 4656302 (App. Div. 2d Dept. 2019)……………………………………………………………………………..17

*Pacchiana v Pacchiana*
94 AD2d 721, 462 NYS2d 256 (App. Div. 2d Dept. 1983)……………………………………..19

*Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*
229 B.R. 777 (B.A.P. 9th Cir. 1999)……………………………………………………………5

*Powell v. Powell*
80 F.3d 464 (11th Cir. 1996)……………………………………………………………………10

*Reid v. North Carolina*
837 F. Supp. 2d 554, 562 (W.D.N.C. 2011)……………………………………………………..15

*Rey v. Laureda (In re Rey)*
324 B.R. 449 (Bankr. E.D.N.Y. 2005)…………………………………………………….......4

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page vi

*Robinson v. Ariyoshi*,
753 F.2d 1468 (9th Cir. 1985)……………………………………………………...10

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923)……………………………………………………….........passim

*Royal Zenith Corp. v. Cont'l Ins. Co.*
63 N.Y.2d 975, 977, 483 N.Y.S.2d 993, 473 N.E.2d 243 (1984)……………………………..14

*Riverside Syndicate, Inc. v. Munroe*
2008 NY Slip Op 1028, ¶ 4, 10 N.Y.3d 18, 24, 853 N.Y.S.2d 263, 882 N.E.2d 875…………...18

*Selective Advisors Group, LLC and Liza Hazan v. NLG, LLC*
Case No. 16ap1439(AJC) (U.S Bankruptcy Court S.D. Fla. Jul. 27, 2017)………………………1

*Skyline Ag. v. Ambrose Coppotelli*
117 A.D.2d 135, 502 N.Y.S.2d 479 (App. Div. 2d Dept. 1986)……………………………...18

*Snaider v. Account Control Tech., Inc.*
No. 3:17-CV-1564, 2018 U.S. Dist. LEXIS 94985 (D. Conn. June 6, 2018)………………..……4

*Sung Cho v. City of N.Y.*
910 F.3d 639 (2d Cir. 2018)…………………………………………………….....5, 6, 12

*Sykes v. Mel S. Harris and Associates, LLC*
780 F.3d 70 (2d Cir. 2015)…………………………………………………….....12, 13

*United States SEC v. Boock*
750 F. App'x 61 (2d Cir. 2019)…………………………………………………………17

*United Student Aid Funds Inc. v. Espinosa*
559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)…………………………..…..5, 17

*Vaccarino v. Allstate Ins. Co.*
270 A.D.2d 411, 411, 704 N.Y.S.2d 893 (App. Div. 2d Dept. 2000)…………………………...13

*Velazquez v. S. Fla. Fed. Credit Union*
546 F. App'x 854 (11th Cir. 2013)……………………………………………………10

*Weinstein v. Pollack*
208 A.D.2d 615, 617 N.Y.S.2d 344 (App. Div. 2d Dept. 1994)……………………………...16

*Whiteford v. Reed*
155 F.3d 671 (3d Cir. 1998)……………………………………………………..10

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page vii

*World-Wide Volkswagen Corp. v Woodson*
444 U.S. 286 (1980)…………………………………………………………………………..13

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 1

Plaintiff Chris Kosachuk ("Kosachuk"), *pro se* and NLG, through undersigned counsel,

file this Memorandum of Law in Support of Motion for Rehearing, or to Alter or Amend the

September 30, 2019 Opinion and Order ("the Order") [Doc. 94], pursuant to Rule 59 of the

Federal Rules of Civil Procedure.

## INTRODUCTION

Because of the many misstatements contained in the motion to dismiss filed by

Defendant Selective Advisors Group, LLC's ("Selective"), the Order adopted a number of

factual and legal errors. A motion under Rule 59(a) is intended to correct manifest errors of law

or fact or to present newly discovered evidence. *Consol. Data Terminals v. Applied Dig. Data

Sys.*, 512 F. Supp. 581, 588 (N.D. Cal. 1981). Under this rule, a district court may make

supplemental findings and modify the judgment originally entered. *McCraw v. Simpson*, 141

F.2d 789 (10th Cir. 1944). This motion is intended to urge such corrections.

## BACKGROUND

The Order erroneously stated that "NLG, Kosachuk and Selective have also litigated the

validity of the 2012 Judgment in an adversary proceeding in the U.S. Bankruptcy Court for the

Southern District of Florida…" In fact, the U.S. Bankruptcy Court for the Southern District of

Florida did not allow NLG to challenge the validity of the 2012 Judgment by Confession. All

the Bankruptcy Court did was ask, "Are all of those judgments final and beyond appeal time?"

To which counsel for Selective replied "Yes" and then the Court said "Very well." [*See Selective

Advisors Group, LLC and Liza Hazan v. NLG, LLC,* Case No. 16ap1439(AJC) (U.S Bankruptcy

Court S.D. Fla. Jul. 27, 2017) Doc. 223 p. 20 line 12]. The Bankruptcy Judge refused to consider

whether any these judgments were void, which NLG attempted to argue with respect to the New

York Judgment by Confession. Additionally, Kosachuk was not a party to the adversary

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 2

proceeding, only NLG.

As to the proceedings in the New York state court, Kosachuk only abandoned one motion to vacate the Judgment by Confession, which he did after this Court stayed this action and NLG's efforts to obtain a ruling on the merits of its motion to vacate had been delayed and stymied repeatedly by Selective since 2014. Selective also argued that a plenary action, such as this one, was required to challenge the Judgment by Confession. The four motions mentioned were not different motions, but were seeking the same underlying relief, that is the vacatur of the Judgment by Confession, while also addressing the substantial litigation misconduct of Selective, including the bad faith removal to this Court and the bankruptcy petition containing criminal perjury. [*See In Re Selective Advisor Group, LLC* Case No. 19-14602(AJC) (US Bankruptcy Court S.D. Fla. Jul. 25, 2019) Doc. 79].

In footnote 4, this Court stated that "NLG and Kosachuk continued to press their claims even though, on September 4, 2015, Selective filed a satisfaction of judgment with the New York Supreme Court." The satisfaction acknowledged accepting partial payment and deeming it as payment in full. At that time, NLG **stopped** pressing its claims because it agreed with the proposition that the Judgment by Confession ceased to exist. Because the Judgment by Confession was no longer outstanding, NLG obtained a dismissal of the domestication of the Judgment by Confession in Florida, which cleared the way for the entry of the Final Judgment of Foreclosure against Elizabeth Hazan, the wife of Selective's sole owner and manager, Sean Meehan. NLG and Kosachuk renewed their efforts to "press their claims" **after** Selective and Hazan filed an adversary proceeding on August 26, 2016, claiming that they were entitled to offset the entire $5 million satisfied Judgment by Confession against the Final Judgment of Foreclosure, and **after** the Bankruptcy Court granted this relief on November 1, 2017, despite the

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 3

Order Granting Foreclosure specifically denying such relief entered on December 1, 2015. Thus,

challenges to the validity of the Judgment by Confession were restarted in 2018 because

Selective successfully asserted rights pursuant to the satisfied and void Judgment by Confession.

[*See* Complaint Doc. 1, p.114 and p. 131]. Instead of relying on the September 4, 2015

Satisfaction of the Judgment by Confession to terminate any rights Selective held against NLG

and contrary to Judge Gordo's December 1, 2015 Order, the Bankruptcy Court used language in

a prior order dated August 20, 2014 to reason that that order "left open the possibility of an

increase" in the amount previously credited. The Bankruptcy Court then erroneously concluded

that Selective and Hazan had somehow redeemed NLG's Mortgage and Final Judgment of

Foreclosure [ECF No. 1, p. 99] in August 2014 when the Final Judgment of Foreclosure was

entered in December 2015. This is when NLG reactivated its efforts to vacate the Judgment by

Confession *nunc pro tunc* to date of entry and declare it void *ab initio*. Movants are not asking

this Court to review Judge Cristol's November 1, 2017 Final Judgment because it is currently

under District Court review by the Honorable Rodney Smith. While this Court noted that the

appeal of the Cristol Judgment was dismissed, NLG moved for relief from the dismissal order.

[*See NLG, LLC v. Hazan*, No. 18cv24272(RS) (S.D. Fla. Sept. 26, 2019) Doc. 133]. Ironically,

Judge Smith did not apply NLG's argument that *Rooker-Feldman* prevented the Bankruptcy

Court from reversing Judge Gordo's Order Granting Foreclosure and Final Judgment of

Foreclosure.

## **LEGAL ARGUMENT**

### **Rooker-Feldman does not apply to void judgments**

Kosachuk alleged that the Judgment by Confession was void *ab initio* because it was

entered without jurisdiction, in violation of NLG's rights to due process and in violation of

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 4

CPLR 3218 because the affidavit of confession failed to comply with the statutory requirements.

In her Order Granting Foreclosure, Florida Circuit Judge Monica Gordo specifically determined

that the Judgment by Confession was *not* entitled to full faith and credit because it was entered in

violation of due process and was therefore void. [ECF No. 1, p. 36].

In the Second Circuit, several district and bankruptcy judges have stated that "when a

state court judgment is void, [as is the case here], *Rooker-Feldman* does not apply." *Rey v.*

*Laureda (In re Rey)*, 324 B.R. 449, 453 (Bankr. E.D.N.Y. 2005); *In re Cruz*, 254 B.R. 801, 812

(Bankr. S.D.N.Y. 2000) (stating that because the judgment was void, "the Court does not need to

further examine the applicability of the *Rooker-Feldman* doctrine or any other preclusionary

doctrine."); *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424, 426 (S.D.N.Y. 1975) ("As a void

judgment is a legal nullity, it may be challenged not only directly but also by collateral attack in

a proceeding in any court where that judgment's validity comes in issue.").

Although the Second Circuit itself has not ruled on the subject specifically, the Fifth

Circuit has held that where an order was void under Texas Law, *Rooker-Feldman* did not apply.

*Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 385 (5th Cir. 2017) ("…the Vacating

Order is void under Texas Law, and we have said that *Rooker-Feldman* does not preclude review

of void state court judgments.").

*In re Heating Oil Partners*, No. 3:08-CV-1976 (CSH), 2009 U.S. Dist. LEXIS 117871, at

*12 (D. Conn. Dec. 17, 2009) explained:

> There is a specific exception to the application of the *Rooker-Feldman*
> doctrine when the state court judgment is void. *In re Dabrowski*, 257 B.R. 394,
> 406 (Bankr. S.D.N.Y. 2001). The rationale for the exception is that "because a
> void judgment is null, vacating such a judgment is a mere formality and does not
> intrude upon the notion of mutual respect in federal-state interests." *Id.*

*Accord*, *Snaider v. Account Control Tech., Inc.*, No. 3:17-CV-1564, 2018 U.S. Dist. LEXIS

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 5

94985, at *11 (D. Conn. June 6, 2018).

In *Gray v. Nussbeck (In re Gray)*, 573 B.R. 868 (Bankr. D. Kan. 2017), the Court

explained:

> Unfortunately, there is no Supreme Court precedent applying the *Rooker-Feldman* doctrine in the context of a void state court judgment. In *Rooker*, the Supreme Court observed a *wrong* decision was not itself a *void* decision. To entertain a proceeding to reverse or modify a *wrong* decision would be a prohibited exercise of appellate jurisdiction.
>
> On the other hand, *Rooker* did not speak to *void* state court decisions other than to observe the difference between wrong versus void. The Supreme Court clarified in *United Student Aid Funds Inc. v. Espinosa* that "[a] void judgment is a legal nullity." [559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)] "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." [*Id.*] Void actions are without legal effect and subject to collateral attack. Therefore, *Rooker-Feldman* is not a bar to jurisdiction where the state court judgment is void, as the judgment, as a matter of law, is a nullity and without binding legal effect.

*Id.* at 875-76. See also *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999) ("An exception to *Rooker-Feldman* applies when the state proceeding is a legal nullity and void ab initio.").

**The constitutional issues are not inextricably intertwined with the entry of the Judgment by Confession in 2012**

The issue in this proceeding is not whether the Clerk improperly recorded the Judgment by Confession. He examined the paperwork submitted by Raymond Houle, who claimed he was "the Manager and duly authorized agent of the defendant [NLG]" [ECF No. 1, p. 10 and 11], without disclosing he was also the president of the plaintiff corporation, 9197-5904 Quebec, Inc. ("Quebec"). Given what was before him, the Clerk entered the Judgment by Confession. This proceeding is not challenging that action by the Clerk. It is raising the constitutional issues of lack of jurisdiction and violation of due process. Thus, this case is the same as *Sung Cho v. City*

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 6

*of N.Y.*, 910 F.3d 639 (2d Cir. 2018), where the Court reversed a dismissal under *Rooker-Feldman* because the plaintiffs were complaining of injuries that were merely ratified by the state-court judgments, and not, as required by *Rooker-Feldman*, caused by them. *Id.* at 641. Here, the injury occurred when Houle domesticated the Judgment by Confession in Florida and assigned it to Selective.

*Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002), relied upon by this Court, stated: "A claim is inextricably intertwined under *Rooker-Feldman* when at a minimum, a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), and the claim would be barred under the principles of preclusion." *Id.* Clearly, and fatally for Selective's argument, NLG never had an opportunity to litigate the claim as it had no knowledge of the Judgment by Confession prior to its entry and did not even learned of its existence it until more than a year later. In *Kropelnicki*, the Court applied *Rooker-Feldman* because the plaintiff's claim that state court judgments were obtained by fraud was inextricably intertwined with the merits of those judgments because he had the opportunity to raise these claims in state court. More importantly, the Court, relying on *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996), further explained that "where the claims were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not 'inextricably intertwined' and therefore not barred by *Rooker-Feldman*." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002), citing *Moccio,* 95 F.3d at 199.

**NLG and Kosachuk were not "state court losers"**

This Court determined that *Rooker-Feldman* barred the current action, reasoning that this case met the four requirements enunciated in *Sung Cho*, the first of which is that the federal-

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 7

court plaintiff must have lost in state court. NLG, however, was not a state court loser. NLG

never participated in any judicial proceedings prior to the entry of the Judgment by Confession.

It was the plaintiff, Quebec, through its president, which participated, executing the affidavit

falsely confessing judgment and falsely claiming to be defendant NLG. That is the fundamental

problem with the Judgment by Confession. NLG cannot be a loser if it never even knew the case

had been filed in 2012. Therefore, NLG's "claims were never presented in the state court

proceedings and the plaintiff did not have an opportunity to present the claims in those

proceedings." *Kropelnicki*, 290 F.3d at 128.

Kosachuk is one step further removed from being a loser, as the U.S. Supreme Court

clearly stated in *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198 (2006). In *Lance*, the plaintiffs

to the collateral action were not named parties in the original case, but they were in privity with

the named plaintiff from the original case. Nonetheless, the Supreme Court found *Rooker-*

*Feldman* inapplicable because, despite privity, the collateral action plaintiffs lacked the legal

ability to challenge the decision in question on direct appeal. *See id.* at 466. The Court stated that

"[t]he *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court

judgment simply because, for purposes of preclusion law, they could be considered

in privity with a party to the judgment." *Id.* at 466.

Both *Lance* and *Exxon Mobil Corp.* v. *Saudi Basic Industries Corp.,* 544 U.S. 280, 125 S.

Ct. 1517, 161 L. Ed. 2d 454 (2005) expressed concern about how *Rooker-Feldman* was being

applied. In *Exxon Mobil* the Court stated: "Since *Feldman*, this Court has never applied *Rooker-*

*Feldman* to dismiss an action for want of jurisdiction." *Id.* at 287. "When there is parallel state

and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state

court." *Id.* at 292. "The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790,

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 8

ch 11, 1 Stat 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* at 293 (citations omitted). Here, both NLG and Kosachuk have the right under New York law to challenge the void Judgment by Confession through a motion to vacate or a plenary action. There is no basis for finding that either NLG or Kosachuk are precluded from raising their constitutional claims in this Court.

> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (citations omitted).

Here, the state court never reached a legal conclusion as to the falsity of Houle's claim to be representing NLG; thus, Kosachuk's constitutional issues were never decided by the state court.

The *Lance* case also sought to rein in the application of the doctrine stating that "[n]either *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, and our cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule." The Court cited *Exxon Mobil*; *Verizon Md. Inc.* v. *PSC,* 535 U.S. 635, 644, n. 3, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (*Rooker-Feldman* "has no application to judicial review of executive action, including determinations made by a state administrative agency"); *Johnson* v. *De Grandy,* 512 U.S. 997, 1005-1006, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994) (*Rooker-Feldman* does not bar actions by a nonparty to the earlier state suit)." *Lance, supra*, 546 U.S. at 464. It then concluded that the lower court erroneously conflated preclusion law with *Rooker-Feldman*. "Whatever the impact of privity principles on preclusion rules, *Rooker-Feldman* is not simply preclusion by another name. The doctrine applies only in 'limited circumstances,' *Exxon Mobil, supra* at 291, where a party in effect seeks to take an appeal of an

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 9

unfavorable state-court decision to a lower federal court." This case is not an appeal of a state-court order as the New York state court never ruled on the merits of the constitutional issues or Houle's false affidavit raised in this proceeding. If either NLG or Kosachuk had received a ruling on any of the motions to vacate, the matter could then have been appealed by the loser to the First Department.

Granted, the *Lance* Court left open the possibility of applying the doctrine to a party in privity, stating: "In holding that *Rooker-Feldman* does not bar the plaintiffs here from proceeding, we need not address whether there are *any* circumstances, however limited, in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding --*e.g.*, where an estate takes a *de facto* appeal in a district court of an earlier state decision involving the decedent." *Lance*, 546 U.S. at 466 n.2 (emphasis in the original).

In finding that Kosachuk fit such limited circumstances, this Court cited *Gould v. Airway Office, LLC*, 2016 U.S. Dist. LEXIS 94229 (S.D.N.Y. July 19, 2016). In that case, the Court stated: "Under federal law, a nonparty can be bound by the results of someone else's litigation when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Id.* at *10 (internal quotations omitted). Here, Kosachuk's interests were never represented at all, adequately or otherwise. NLG's five-year quest to obtain a ruling on its motion to vacate was frustrated multiple times by conduct this Court previously found offensive. NLG was never able to obtain a ruling on the merits, thus rendering the interests of Kosachuk and NLG's other creditors totally unrepresented.

Other courts have recognized that *Rooker-Feldman* does not apply "where a party did not have a 'reasonable opportunity to raise his federal claim in state proceedings." *Casale v. Tillman*,

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 10

558 F.3d 1258, 1260 (11th Cir. 2009); *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996).

*Rooker-Feldman* "does not apply, however, where a party did not have a reasonable opportunity

to raise his federal claim in state proceedings." *Casale*, 558 F.3d at 1260; see also *Velazquez v. S.

Fla. Fed. Credit Union*, 546 F. App'x 854, 858 (11th Cir. 2013); *Gilbert v. Ill. State Bd. of Educ.*,

591 F.3d 896, 901-02 (7th Cir. 2010) ("There is an exception to the *Rooker-Feldman* doctrine

that allows plaintiffs to litigate in the federal system if they were not afforded a

'reasonable opportunity' to raise their claims in state court."); *Whiteford v. Reed*, 155 F.3d 671,

674 (3d Cir. 1998) (stating that "this court has consistently held that where a state action does not

reach the merits of a plaintiff's claims, then *Rooker-Feldman* does not deprive the federal court

of jurisdiction."); *Gulla v. North Strabane Township*, 146 F.3d 168, 1998 WL 294013 (3d Cir.

1998) ("We conclude that the Gullas are not precluded from bringing their federal claims

because the state court could not and did not adjudicate the merits of their constitutional

claims.").

In *Robinson v. Ariyoshi*, 753 F.2d 1468, 1471-72 (9th Cir. 1985), the Court explained:

> *Rooker* made it clear that the only constitutional questions arising from a state
> proceeding on which the Supreme Court considered itself to be the final
> arbiter, were those that "actually arose in the cause" in which a full hearing was
> held and where the judgment was responsive to the issues. 263 U.S. at
> 415. Otherwise, if *Rooker* were a blanket jurisdictional bar precluding the
> litigation of claims even if there had been no actual state court opportunity to
> litigate them, *Rooker* would swallow the "full and fair opportunity to litigate"
> limitation to res judicata clearly established elsewhere by the Supreme Court. *See
> e.g., Allen v. McCurry*, 449 U.S. 90, 95, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980).

**Kosachuk is not complaining of an injury *caused* by the state-court judgment**

The *Rooker-Feldman* doctrine only applies to a plaintiff complaining of injuries caused

by the state-court judgment. As explained in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,

486, 103 S. Ct. 1303, 1316-17 (1983), "Challenges to the constitutionality of state bar rules,

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 11

therefore, do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding. Instead, the district court may simply be asked to assess the validity of a rule promulgated in a nonjudicial proceeding. If this is the case, the district court is not reviewing a state-court judicial decision."

This was further explained in *McKithen v. Brown*, 481 F.3d 89 (2d Cir. 2007), where the Court stated that the subsequent cases of *Exxon Mobil* and *Hoblock* make clear that "the applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *Id.* at 97-98 (citing *Hoblock*, 422 F.3d at 87. "[A] plaintiff who seeks in federal court a result opposed to the one he achieved in state court does not, for that reason alone, run afoul of *Rooker-Feldman*." *Exxon Mobil*, 544 U.S. at 293 (the *Rooker-Feldman* doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court," because "[i]f a federal plaintiff present[s] some independent claim[, i.e., a claim based on an injury that was not *caused by* the state-court judgment,] albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.*

Thus, as Judge Calabresi wrote in *McKithen*, "whatever the full import of the 'caused by' and 'produced by' language, at least the following is evident: a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 12

federal court existed *prior* in time to the state-court proceedings, and so could not have been

'caused by' those proceedings." *McKithen*, 481 F.3d at 98.

Similarly, in *Sung Cho*, the Court stated: "While all four requirements must be met in

order for *Rooker-Feldman* to act as a jurisdictional bar, we have held that the second requirement

— that the plaintiff complains of an injury *caused* by a state-court judgment — is the 'core

requirement from which the other[] [*Rooker-Feldman* requirements] derive.'" 910 F.3d at 646

(quoting *Hoblock*, 422 F.3d at 87).

Here, as in *Sung Cho*, the Clerk of the state court merely ratified rather than produced

NLG's injuries. The recordation of the Judgment by Confession by the Clerk may have been

facially proper, given the affidavits submitted by Houle because the Clerk was not in a position

to evaluate the veracity of the affidavit of confession or Houle's authority to execute it.

And in *Sykes v. Mel S. Harris and Associates, LLC*, 780 F.3d 70 (2d Cir. 2015), a case

even more similar to Kosachuk's, the Court considered whether plaintiffs' alleged injuries were

caused by state-court judgments, and whether therefore their suit was barred by *Rooker-

Feldman*. In *Sykes*, the plaintiff-debtors alleged that the defendant-creditors had engaged in a

fraudulent scheme to obtain default judgments against them in state court. More specifically,

plaintiffs alleged that defendants ran a "default judgment mill" where they engaged in a

fraudulent course of conduct including submitting fraudulent documents to state courts in order

to obtain default judgments. *Id.* at 75. The Court concluded that the case was not barred by

*Rooker-Feldman*, specifically considering whether the state-court judgments caused plaintiffs'

injuries, and noting that "claims sounding under the FDCPA, RICO, and state law speak not to

the propriety of the state court judgments, but to the fraudulent course of conduct that defendants

pursued in obtaining such judgments." *Id.* at 94-95.

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 13

The *Sykes* case is indistinguishable from what occurred here, where Kosachuk is complaining about the fraudulent conduct that Quebec pursued to obtain the Judgment by Confession in New York and Florida. Houle first defrauded the Pennsylvania courts in obtaining a charging order against NLG by swearing that the Lorret Judgment was against both Kosachuk and NLG.[1] He then falsely claimed to be NLG's manager and authorized agent and then false claimed that NLG owed Quebec $5 million. Thus, Kosachuk's claims "speak not to the propriety of the state court judgment[], but to the fraudulent course of conduct that defendant[] pursued in obtaining such judgment[]." *Sykes*, 780 F.3d at 95.

### Under New York law, both NLG and Kosachuk are authorized to file a plenary action

Under 28 U.S.C. § 1738, a state court's judgment must be given the same effect in federal court that it would have been given in state court. *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989) (citation omitted). *See* also *Kulak v. City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996). "Congress has directed federal courts to look principally to *state* law in deciding what effect to give state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 466, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (emphasis in original).

As the highest court in New York has established in ***Royal Zenith Corp. v. Cont'l Ins. Co.***, 63 N.Y.2d 975, 977, 483 N.Y.S.2d 993, 994, 473 N.E.2d 243, 244 (1984): "A court is without power to render a judgment against a party as to whom there is no jurisdiction (*World-Wide Volkswagen Corp. v Woodson*, 444 U.S. 286, 291 [1980]), and a judgment rendered without jurisdiction is subject to collateral attack." *See also Vaccarino v. Allstate Ins. Co.*, 270 A.D.2d 411, 411, 704 N.Y.S.2d 893, 893 (App. Div. 2d Dept. 2000); *Empire of Am. Realty*

---

[1] This misrepresentation was repeated in this proceeding with Selective acknowledging "This error was not to mislead this Court but was simply a scrivener's error". [Doc. 85 p. 6 FN 1].

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 14

*Credit Corp. v. Smith*, 227 A.D.2d 931, 932, 643 N.Y.S.2d 246, 247 (App. Div. 4th Dept. 1996).

The same is true for all judgments. As to judgments by confession, New York law has also established that they can be challenged by plenary action in addition to simple motions to vacate. In many cases, a plenary action is the only mechanism for seeking a vacatur of a judgment by confession. *See e.g. GTR Source, LLC v. Futurenet Grp., Inc.*, 2018 NY Slip Op 50311(U), ¶¶ 1-2, 58 Misc. 3d 1229(A), 98 N.Y.S.3d 500 (Sup. Ct.) ("As a general matter, a debtor seeking to vacate a judgment entered against him upon the filing of an affidavit of confession of judgment may *not* proceed by way of motion, but must instead seek relief by commencing a separate plenary action."). Thus, Kosachuk could have filed a plenary action in the Supreme Court of New York seeking to vacate the Judgment by Confession. But because of diversity of citizenship, Kosachuk elected to file his plenary action in federal court and avoid any potential challenge to personal jurisdiction.

*Fontana Empire Ctr., Ltd. Liab. Co. v. City of Fontana*, 307 F.3d 987 (9th Cir. 2002) was a case analogous to this one. There, the court held that plaintiff's claims were "not barred by the *Rooker-Feldman* doctrine because California law expressly authorizes the filing of a separate action to set aside a foreclosure sale." *Id.* at 993. The court relied on *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 376 (5th Cir. 1995) (stating that "our Circuit has not allowed the *Rooker-Feldman* doctrine to bar an action in federal court when that same action would be allowed in the state court of the rendering state.") (cited with approval in *Cruz v. Melecio*, 204 F.3d 14, 21 n.5 (1st Cir. 2000)); *see also Kamilewicz v. Bank of Boston Corp.*, 100 F.3d 1348, 1350 (7th Cir. 1996) (Easterbrook, J., dissenting from denial of rehearing en banc) ("[A] judgment that is not entitled to full faith and credit does not acquire extra force via the Rooker-Feldman doctrine.").

Likewise, in *Hege v. Aegon USA, LLC*, 780 F. Supp. 2d 416, 422-23 (D.S.C. 2011), the

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 15

Court concluded that *Rooker-Feldman* did not apply to Plaintiffs because they had not been true parties to the prior state action. Arkansas law placed the Heges in a similar position as the collateral action plaintiffs in *Lance. Id.* at 422. Arkansas law barred Plaintiffs from challenging the Order on direct appeal. This bar placed Plaintiffs in materially the same posture as the *Lance* plaintiffs.

> Although the *Lance* Court did not entirely foreclose the possibility that a non-party could *ever* be barred by *Rooker-Feldman* from mounting a collateral attack, *see Lance*, 546 U.S. at 466 n.2, in light of Plaintiffs' limited options under Arkansas law and the U.S. Supreme Court's clear command to construe *Rooker-Feldman* narrowly, *Rooker-Feldman* cannot reasonably be construed to bar Plaintiffs' claims. The purpose of the doctrine is to encourage dissatisfied parties to first seek relief through direct appellate review; however, where, as here, the losing party cannot directly appeal a decision, the rationale underlying this rule is inapposite, and applying the rule would not further its purpose.

*Id.* at 423. The same is true here. NLG could not appeal the 2012 Judgment by Confession because it did not learn of it until after it was a year old. Kosachuk cannot appeal his claims in state court because neither Kosachuk nor NLG ever obtained a ruling from Justice Hagler on the motions to vacate. But Kosachuk and NLG have an absolute right, under New York law, to file a plenary action such as this action.

Under 28 U.S.C. § 1738, the Judgment by Confession must be given the same effect in federal court that it would have been given in state court. And in state court, Kosachuk has the right to bring a plenary action. *Rooker-Feldman* should not apply to his constitutional claims in this proceeding because this Court is sitting as a New York state court in this context. *See Guaranty Trust Co.* v. *York*, 326 U.S. 99, 108, 65 S. Ct. 1464, 1469 (1945) ("a federal court adjudicating a State-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State"). As the Court held in *Reid v. North Carolina*, 837 F. Supp. 2d 554, 562 (W.D.N.C. 2011), "Where diversity is invoked, the federal

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 16

court sits as if it is the state court … a situation that does not raise concerns addressed under

*Rooker-Feldman*."

### The Statute of Limitations does not apply to a void judgment

This Court also dismissed Kosachuk's Complaint using New York's statute of limitations

N.Y. C.P.L.R. § 213(8) and *Weinstein v. Pollack*, 208 A.D.2d 615, 617 N.Y.S.2d 344 (App. Div.

2d Dept. 1994).

N.Y. C.P.L.R. § 213(8) lists the actions that must be commenced within six years:

> 8. an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.

Kosachuk's action, however, is not based on fraud, but instead alleges in paragraph 17 of

the Complaint that the Judgment by Confession was void *ab initio* because (a) It was

unauthorized by New York Judgment by Confession Statute (NY CPLR §3218), because it was

entered upon a tort claim for fraud and abuse of process, when the statute is strictly limited to

debts; (b) It was obtained without service of process, without notice or opportunity to be heard

and was obtained in violation of NLG's constitutional rights to due process; (c) It was entered

without personal jurisdiction over NLG; (d) It was entered upon an affidavit executed by the

President of Plaintiff Quebec on behalf of Defendant NLG; (e) It was a fraud on the Courts, as

the President of Plaintiff Quebec passed himself off as a person authorized to confess a judgment

for Defendant NLG; and (f) It is preventing NLG from paying its creditors, including but not

limited to Mr. Kosachuk.

Only the allegations contained in paragraph 17(e) sounded in fraud, but that is not the

gravamen on Kosachuk's Complaint. The voidness for lack of jurisdiction and due process raise

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 17

constitutional claims that may have been aggravated by the fraud, but do not constitute the basis of the action. As previously noted, "[a] void judgment is a legal nullity." *United Student Aid v. Espinosa, supra*, 559 U.S. at 270. As explained in *United States SEC v. Boock*, 750 F. App'x 61 (2d Cir. 2019), a judgment is void if it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." (citing *Espinosa*, 559 U.S. at 270). Such infirmity exists, and due process is violated, when the party seeking to set aside the judgment has been deprived of its "fundamental" right to "notice and the opportunity to be heard." *Espinosa*, 559 U.S. at 270-72. A judgment will not be deemed void "simply because it is or may have been erroneous." *Id.* Rather, it "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. *See also Bricklayers Ins. & Welfare Fund v. Sukhmany Constr., Inc.*, No. 13-CV-6803 (ILG) (SMG), 2014 U.S. Dist. LEXIS 176486, at *5-6 (E.D.N.Y. Dec. 22, 2014).

Kosachuk's case fits into those rare instances. He is not alleging the Clerk of the Court erroneously entered the Judgment by Confession in 2012. He alleged in his Complaint an extreme case of jurisdictional error—the total lack of service of process, the total lack of notice and due process, the total lack of personal jurisdiction over NLG and the total lack of compliance with CPLR 3218. This is not even a case disputing whether the New York State Court properly exercised long-arm jurisdiction over NLG, the Delaware LLC. This is a case where the plaintiff's president claimed to be the manager of defendant NLG to completely circumvent all constitutional norms.

The law in New York is uniform and well-established that there is no statute of limitations in actions to invalidate a void judgment. In *OneWest Bank v. Schiffman*, 2019 N.Y.

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 18

App. Div. LEXIS 6792, 2019 NY Slip Op 06782, 2019 WL 4656302 (App. Div. 2d Dept. 2019), the Court held that the action was not time-barred. The Court affirmed an order and judgment declaring null and void a satisfaction of mortgage and cancelling it nunc pro tunc as of November 24, 2006. The satisfaction was void at its inception since the signator had no interest in the mortgage it purported to discharge. "Since 'a statute of limitations cannot validate what is void at its inception,' the statute of limitations cannot act as a bar to this action to nullify the erroneous mortgage satisfaction. *Faison v Lewis*, 25 NY3d 220, 230, 10 N.Y.S.3d 185, 32 N.E.3d 400 [2015]; *see LNV Corp. v Sorrento*, 154 AD3d [840,] at 841 [App. Div. 2d Dept. 2017]; *Bank of N.Y. Mellon Trust Co., N.A. v Claypoole*, 150 AD3d [505,] at 506 [App. Div. 1st Dept. 2017])." *OneWest Bank*, 2019 NY Slip Op 06782, ¶ 2.

Naturally, a judgment obtained without personal jurisdiction or in violation of due process is a void judgment. In *Skyline Ag. v. Ambrose Coppotelli*, 117 A.D.2d 135, 146-47, 502 N.Y.S.2d 479, 488-89 (App. Div. 2d Dept. 1986) stated that

> It is axiomatic that absent a waiver of objections to jurisdiction, "a court is without power to render a judgment against a party as to whom there is no personal jurisdiction, and that a judgment rendered in the absence of personal jurisdiction is void as to that party and may be attacked either directly or collaterally." *Id.* at 146.

> Minimum standards of due process require that an assertion of personal jurisdiction over an individual must be predicated upon a proper jurisdictional basis, adequate notice and an opportunity to be heard (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). *Id.* at 146-47.

More importantly, in *Riverside Syndicate, Inc. v. Munroe*, 2008 NY Slip Op 1028, ¶ 4, 10 N.Y.3d 18, 24, 853 N.Y.S.2d 263, 266, 882 N.E.2d 875, 878, the Court of Appeals explained that the argument as to the statute of limitations misconceived the nature of such a defense because "it does not make an agreement that was void at its inception valid by the mere passage

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 19

of time. This action is not one 'upon a contractual obligation or liability,' but one to declare that no valid contractual obligations ever existed." Here, too, Kosachuk's action is to declare whether a valid judgment ever existed.

The Court of Appeals recently wrote on a forged deed as void, using reasoning equally applicable to a forged judgment, that the legal status of such a deed cannot be changed, regardless of how long it may take for the forgery to be uncovered. *Faison v. Lewis*, 25 N.Y.3d 220, 226, 10 N.Y.S.3d 185, 189, 32 N.E.3d 400, 404 (Ct. of App. 2015). *See also Pacchiana v Pacchiana*, 94 AD2d 721, 462 NYS2d 256 (App. Div. 2d Dept 1983) (stating that the statute of limitations did not apply to an agreement that was void at its inception). The Court of Appeals specifically rejected the argument that plaintiff's claim was time-barred because forgery is a category of fraud, and, like any other claim based on fraud, an action challenging a forged deed is subject to the limitations period of CPLR 213(8), relying on *Riverside Syndicate*, *supra*, and on policy considerations to protect the integrity of the real property system. In this case the policy considerations also favor Kosachuk, as protecting the integrity of the judicial system is promoted by invalidating judgments obtained without jurisdiction or due process.

**Kosachuk filed this action within the statute of limitations if one applies.**

Kosachuk filed this action on May 24, 2019. If a statute of limitation were to apply to a in this case, under N.Y. C.P.L.R. § 213(8), Kosachuk would have six years from the date the cause of action accrued, which was April 21, 2014, when Quebec domesticated the Judgment by Confession in Florida. Until then, neither NLG nor Kosachuk had a cause of action because they had suffered no injury. See *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 92, 595 N.Y.S.2d 931, 932, 612 N.E.2d 289, 290 (1993) ("Plaintiff had no cause of action, and the Statute of Limitations could not start to run, until plaintiff suffered injury.").

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 20

NLG is a Delaware LLC, with its manager, Kosachuk, residing in Pennsylvania. NLG has only one asset, the mortgage from Elizabeth Hazan, and the related Final Judgment of Foreclosure in Florida. It has no ties to New York, conducts no business, has no offices, no employees and no other contacts with New York. Under *Kronos*, an action filed before NLG or Kosachuk suffered any injury would have been subject to dismissal as the Court of Appeal explicitly held that they would not even be entitled to nominal damages. *Kronos, Inc.,* 81 N.Y.2d at 95 ("Nominal damages are always available in breach of contract actions (5 Corbin, Contracts § 1001, at 29), but they are allowed in tort only when needed to protect an 'important technical right'").

In 2012, when Quebec obtained its Judgment by Confession, NLG was involved in foreclosing on its only asset in Florida. [*See NLG, LLC v. Hazan* et al. Case No. 11-42770 in the Eleventh Judicial Circuit in and for Miami-Dade County Florida]. Quebec made no attempt to intervene in the foreclosure action even though it was well aware of the action from what Kosachuk later learned was its alter-ego Hazan. Nor did Quebec take any action to execute on its Judgment by Confession in New York. Execution did not occur until Quebec domesticated the Judgment by Confession in Florida and assigned it to Selective on May 5, 2014.

## <u>CONCLUSION</u>

For the reasons stated, Kosachuk and NLG pray that this Court will alter or amend its Order, deny the motion to dismiss, grant summary judgment and such other and further relief that this Court deems appropriate.

Respectfully submitted,

Memorandum of Law in Support of Motion for Relief from Order [Doc. 94]
Case No. 19-cv-4844 (DLC)
Page 21

| | |
|---|---|
| **NLG, LLC** | **CHRIS KOSACHUK** |
| **Intervenor** | **PRO SE PLAINTIFF** |
| Juan Ramirez, Jr. | Chris Kosachuk |
| ADR Miami, LLC | 854 Pheasant Run Rd. |
| Florida Bar No. 201952 | West Chester, PA 19382 |
| ADR Miami LLC | (305) 490-5700 |
| 1172 S. Dixie Hwy. #341 | chriskosachuk@gmail.com |
| Coral Gables, FL 33146 | |
| (305) 667-6609 | |
| jr@adrmiami.com | |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of foregoing was served via

CM/ECF to the parties on the attached service list as indicated on this 11th day of October, 2019.

| | |
|---|---|
| **NLG, LLC** | **CHRIS KOSACHUK** |
| **Intervenor** | *Pro Se* **Plaintiff** |
| Juan Ramirez, Jr. | */S/ CHRIS KOSACHUK* |
| ADR Miami, LLC | Chris Kosachuk |
| Florida Bar No. 201952 | 854 Pheasant Run Rd |
| ADR Miami LLC | West Chester, PA 19382-8144 |
| 1172 S. Dixie Hwy. #341 | (305) 490-5700 |
| Coral Gables, FL 33146 | chriskosachuk@gmail.com |
| (305) 667-6609 | |
| jr@adrmiami.com | |

## SERVICE LIST

### Via CM/ECF

Nicole Ann Sullivan, Esq. on behalf of Selective Advisors Group, LLC
Sullivann@whiteandwilliams.com

Shruti Panchavati, Esq. on behalf of Selective Advisors Group, LLC
Panchavatis@whiteandwilliams.com