**EXHIBIT C**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS KOSACHUK, | |
| Plaintiff, | **Case No. 19-cv-4844-DLC** |
| NLG, LLC, | |
| Intervenor-Plaintiff, | ORAL ARGUMENT REQUESTED |
| v. | |
| SELECTIVE ADVISORS GROUP, LLC, | |
| Defendant. | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## KOSACHUK AND NLG LLC'S MOTION FOR RECONSIDERATION /
## REARGUMENT

WHITE AND WILLIAMS LLP
Nicole A. Sullivan, Esq.
Thomas E.  Butler, Esq.
Shruti Panchavati, Esq.
sullivann@whiteandwilliams.com
7 Times Square, Suite 2900
New York, NY  10036
(212) 631-4420
*Attorneys for Selective Advisors Group, LLC*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................- 1 -

BACKGROUND ...........................................................................................................- 2 -

APPLICABLE STANDARD..........................................................................................- 5 -

ARGUMENT ...............................................................................................................- 7 -

   1.   Plaintiffs Have Failed to Demonstrate that Reconsideration is Warranted ...................- 7 -

     A.   There Has Been No Intervening Change in Controlling Law .................................- 7 -

     B.   No New Evidence was Presented ........................................................................- 8 -

     C.   There Were No Clear Factual Errors, and No Manifest Injustice ...........................- 9 -

     D.   There Were No Clear Errors of Law ...................................................................- 11 -

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*3939 WPR Funding LLC v. Campbell (In re Campbell),*
    539 B.R. 66 (S.D.N.Y. 2015).................................................................8

*Ades v. Deloitte & Touche,*
    843 F. Supp. 888 (S.D.N.Y. 1994) .........................................................10

*Bank of NY Mellon Trust Co., N.A. v Claypoole,*
    150 A.D.3d 505 (1st Dep't 2017) ...........................................................11

*Bobrowsky v. Yonkers Courthouse,*
    777 F. Supp. 2d 692 (S.D.N.Y. 2011).....................................................16

*Buckskin Realty, Inc. v. Windmont Homeowners Ass'n (In re Buckskin Realty, Inc.),*
    2016 Bankr. LEXIS 3458 (Bankr. E.D.N.Y. 2016)................................15

*Cohen v. CDR Creances S.A.S. (In re Euro-American Lodging Corp.),*
    2013 U.S. Dist. LEXIS 191817 (S.D.N.Y. 2013)..................................15

*Faison v Lewis,*
    25 N.Y.3d 220 (2015) .............................................................................11

*Gifford v. United N. Mortg. Bankers, Ltd.,*
    2019 U.S. Dist. LEXIS 112796 (S.D.N.Y. July 8, 2019) ......................15

*Gould v. Airway Office, LLC,*
    2016 U.S. Dist. LEXIS 94229 (S.D.N.Y. July 19, 2016) .......................17

*Hagrpota for Trading & Distribution, Ltd. v. Oakley Fertilizer, Inc.,*
    2010 U.S. Dist. LEXIS 69862 (S.D.N.Y. 2010).....................................9

*Hoblock v Albany County Bd. of Elections,*
    422 F3d 77 (2d Cir. 2005).......................................................................16

*In re Health Mgmt. Sys., Sec. Litig.,*
    113 F. Supp. 2d 613 (S.D.N.Y. 2000).....................................................8

*In re Salomon Analyst Winstar Litig.,*
    2006 U.S. Dist. LEXIS 8388 (S.D.N.Y. Feb. 28, 2006)........................18

*Info. Superhighway, Inc. v Talk Am., Inc.,*
    2003 U.S. Dist. LEXIS 20571 (S.D.N.Y. 2003)....................................10

*Krepps v Reiner,*
    2006 U.S. Dist. LEXIS 22112 (S.D.N.Y. Apr. 18, 2006).......................8

*Lance v. Dennis*,
546 U.S. 459 (2006).............................................................................................17

*Montanile v. NBC*,
216 F. Supp. 2d 341 (S.D.N.Y. 2002)..............................................................8, 9

*Morales v. Quintiles Transnational Corp.*,
25 F. Supp. 2d 369 (S.D.N.Y. 1998)....................................................................9

*Neshewat v. Salem (In re Salem)*,
290 B.R. 479 (S.D.N.Y. 2003)............................................................................15

*OneWest Bank v. Schiffman*,
2019 N.Y. App. Div. LEXIS 6792 (2d Dep't September 25, 2019).....................10

*Pannonia Farms, Inc. v. USA Cable*,
2004 U.S. Dist. LEXIS 15737 (S.D.N.Y. 2004)...................................................8

*Rafter v. Liddle*,
288 Fed. App'x. 768 (2d Cir. 2008).....................................................................9

*Schrank v. Citibank (S.D.), N.A.*,
2005 U.S. Dist. LEXIS 11886 (S.D.N.Y. 2005)...................................................8

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)...................................................................................8

*Sikhs for Justice v. Nath*,
893 F. Supp. 2d 598 (S.D.N.Y. 2012)...............................................................8, 9

*Sung Cho v. City of NY*,
910 F.3d 639 (2d Cir. 2018)...............................................................................16

*Sykes v. Mel S. Harris and Associates, LLC*,
780 F.3d 70 (2d Cir. 2015).................................................................................16

*Universitas Educ., LLC v. T.D. Bank, N.A.*,
2016 U.S. Dist. LEXIS 967 (S.D.N.Y. 2016)......................................................9

*Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.*,
956 F.2d 1245 (2d Cir 1992)............................................................................8, 9

*Vossbrinck v. Accredited Home Lenders, Inc.*,
773 F.3d 423 (2d Cir. 2014)...............................................................................15

*Weinstein v. Pollack*,
617 N.Y.S. 2d 344 (2d Dep't 1994)....................................................................18

**STATUTES**

CPLR 213(8) ...................................................................................................6, 7, 19, 18

Fed. R. Civ. P. 59(e) ...................................................................................................8

**OTHER AUTHORITIES**

Local Rule 6.3 ...................................................................................................8

Defendant, Selective Advisors Group, LLC ("Selective"), by its undersigned attorneys, White and Williams LLP, respectfully submits this Memorandum of Law in Opposition to Plaintiff Chris Kosachuk ("Kosachuk") and Intervenor NLG, LLC's ("NLG") (collectively, "Plaintiffs") "Motion for Rehearing, or to Alter or Amend" this Court's September 30, 2019 Opinion and Order (the "Motion"):

## PRELIMINARY STATEMENT

In a September 30, 2019 Opinion and Order (the "Opinion"), this Court – following its review of the parties' detailed submissions – granted Selective's motion to dismiss the Complaint. In particular, after undertaking a comprehensive examination of the parties' respective contentions and the protracted history of the litigation in New York, Florida and Pennsylvania, this Court determined that the *Rooker-Feldman* doctrine barred the claims because the Complaint sought, in essence, a review and appeal of a 2012 state-court judgment; the alleged injuries were caused by that judgment; and both Kosachuk and NLG were state-court losers. In its Opinion, this Court further determined that – even if it had jurisdiction – the Complaint must still be dismissed because not only has the statute of limitation long expired, but Plaintiffs' repeated failure to follow through with remedies previously available to them does not permit them to seek the same relief in various federal courts.[1]

Notwithstanding this Court's detailed opinions (not to mention the lengthy prior history here), Plaintiffs have moved for reconsideration, seeking to resurrect their rejected submissions by improperly advancing the same arguments and evidence previously presented, as well as new arguments that could have been (but were not) raised in their original submissions. This is despite

---

[1] This Court also denied Kosachuk's motion for summary judgment as moot.

the fact that, in addition to Kosachuk, NLG had its own opportunity to submit a separate opposition

to the Motion to Dismiss wherein it could have raised each and every argument raised here.

Nevertheless, Plaintiffs' efforts completely fall short because they have not come close to

meeting the stringent standard for obtaining the relief sought. Plaintiffs have not identified any

intervening change of controlling law, new evidence, clear error or sign of manifest injustice.

Plaintiffs' dissatisfaction or disagreement with the ruling alone (and rehashing of old arguments)

is not sufficient to warrant reversal of the Opinion. Nor does Plaintiffs' attempt to raise arguments

they failed to raise (despite the opportunity to do so) warrant any reconsideration or reversal by

this Court. Accordingly, and as set forth in greater detail below, the Motion should be denied in

its entirety.

## BACKGROUND

As set forth in the record, this case arises from disputes between the parties concerning the

validity of a judgment by confession entered in the New York State Supreme Court on February

22, 2012 (the "Judgment"). ECF No. 1. As a result of this dispute, Kosachuk – alleging that the

Judgment was procured by fraud and without notice and lack of jurisdiction – filed a Complaint

on May 24, 2019, seeking a declaratory judgment to declare the Judgment void *ab initio* and have

it stricken from the public records *nunc pro tunc* from the date of its entry. ECF No. 1. NLG

subsequently requested and was granted permission to intervene in this action as a party Plaintiff.

ECF Nos. 52, 71.

On August 16, 2019, Selective filed a motion to dismiss the action, arguing, in relevant

part, that this Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine

and that the Complaint failed to state a cause of action because the statute of limitations had expired

(the "Motion to Dismiss"). ECF Nos. 73-75.[2] In the Motion to Dismiss, Selective argued, among other things, that *Rooker-Feldman* barred review because Plaintiffs were state-court losers, were complaining of injuries caused by the Judgment, were inviting district court review and rejection of the Judgment, and the Judgment was rendered long before this action was filed. ECF No. 73, pp. 6-8. Selective also argued that the applicable six-year statute of limitations, governing commencements of a plenary action to challenge a confession of judgment, had expired on February 22, 2018, one year prior to the commencement of this proceeding. ECF No. 73, p. 17.

Kosachuk submitted his opposition to the Motion to Dismiss on August 30, 2019 ("Opposition"), arguing that there were "two reasons why the *Rooker-Feldman* rule does not apply," specifically that: (1) *Rooker-Feldman* requires this Court to apply the same preclusive effect to the Judgment that it would be given in New York State courts and state court rules do not warrant preclusion; and (2) the rule does not apply to non-parties, such as Kosachuk. ECF No. 81, pp. 11-13. Neither Plaintiffs argued in Opposition that an exception to the doctrine bars its application, constitutional claims set forth a separate injury, the complained-of injury was not caused by the Judgment or that NLG was not a state-court loser. ECF No. 81, pp. 11-13. Furthermore, in arguing that the Complaint was not time-barred, Plaintiffs did not contest that the accrual date was February 22, 2012 but instead advanced only two theories that: (1) CPLR 231(8) did not apply because they were suing under the Declaratory Judgment Act, not for fraud; and (2) there is no statute of limitations applicable to actions seeking to void a judgment. ECF No. 81, pp.

---

[2] Selective's Motion to Dismiss and Opposition to Kosachuk's Motion for Summary Judgment were originally filed on August 16, 2019 and, upon this Court's instruction, the papers were refiled on August 27, 2019 to limit the number of exhibits to 200 pages. *See* ECF Nos. 60-63, 69. The citations referenced herein reference the refiled submissions.

20-23. Selective submitted its Reply on September 6, 2019, discrediting these arguments. ("Reply"). ECF No. 85, pp. 2-3, 6-7.[3]

On September 25, 2019, prior to issuing its ruling, this Court afforded NLG an opportunity to submit a formal opposition to the Motion to Dismiss. ECF No. 92. However, on September 26, 2019, in a one-page submission, NLG elected not to submit a response to the Motion to Dismiss and instead adopted the arguments raised by Kosachuk in his Opposition. ECF No. 93.

On September 30, 2019, after considering the submissions, this Court dismissed the Complaint for lack of subject matter jurisdiction. ECF No. 94. In its Opinion, this Court agreed with Selective that the claims were unequivocally barred by *Rooker-Feldman* because the proceeding is "in substance, an appeal from the 2012 Judgment"; "Kosachuk and NLG lost in state court and bring this complaint for injuries caused by the entry of the 2012 Judgment;" and the state-court decision "was rendered before these proceedings commenced." Op., p. 11. In doing so, the Court expressly rejected Plaintiffs claims that Kosachuk "did not participate in the state-court litigation or that he was not in a position to ask the state court to review the 2012 Judgment." Op., p. 12. This Court further determined that, "[e]ven if this Court had jurisdiction to invalidate a final and non-appealable judgment of the New York Supreme Court" the claims would still be dismissed because "Kosachuk and NLG's claims are barred by the statute of limitations" under CPLR § 213(8) and because their "failure to follow through" with remedies available to them in New York State Court did not "authorize such relief in federal court." Op., pp. 13-14. In its Opinion, this Court also denied Kosachuk's Motion for Summary Judgment as moot. Op., p. 14.

---

[3] At the same time, Kosachuk filed a motion for summary judgment, arguing that there were no material issues of fact at dispute and a declaratory judgment should be granted vacating the Judgment nunc pro tunc ("Motion for Summary Judgment). ECF Nos. 15-17. Based on many of the same issues set forth in its Motion to Dismiss, Selective opposed the application. ECF Nos. 77-79.

Plaintiffs, clearly disappointed with the ruling, now seek to reverse this Court's determination based on either new arguments raised for the first time here but that were available to them when they submitted opposition or the same arguments previously submitted, considered and rejected.

## APPLICABLE STANDARD

The standard governing a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment is "strict" and identical to that of a Local Rule 6.3 motion for reargument or reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012); *3939 WPR Funding LLC v. Campbell (In re Campbell)*, 539 B.R. 66, 75 (S.D.N.Y. 2015). "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and consideration of scarce judicial resources," and is generally denied. *Montanile v. NBC*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (citation and quotation marks omitted); *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The burden is on the movant to demonstrate "controlling decisions or factual matters that were put before it on the Motion to Dismiss and which, if examined, might reasonably have led to a different result." *Krepps v Reiner*, 2006 U.S. Dist. LEXIS 22112, at *1 (S.D.N.Y. Apr. 18, 2006). Specifically, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir 1992); *Montanile*, 216 F. Supp. 2d at 342 (S.D.N.Y. 2002).

However, it is well-established that "[r]econsideration is not an open season for new argument" or an "occasion for a party to craft new and previously untested legal theories." *Schrank v. Citibank (S.D.), N.A.*, 2005 U.S. Dist. LEXIS 11886, at *7 (S.D.N.Y. 2005); *Pannonia Farms, Inc. v. USA Cable*, 2004 U.S. Dist. LEXIS 15737, at *8 (S.D.N.Y. 2004). "While plaintiff may

regret not seeking" an argument in its original opposition papers, "pasting together facts from past briefing and appending an entirely new argument section is a supplemental opposition brief disguised as a motion for reconsideration, and is inappropriate." *Universitas Educ., LLC v. T.D. Bank, N.A.*, 2016 U.S. Dist. LEXIS 967, at *4 (S.D.N.Y. 2016). Thus, to the extent arguments were not previously raised in the original submission, they have been waived and cannot now serve as a basis for reconsideration. *See Hagrpota for Trading & Distribution, Ltd. v. Oakley Fertilizer, Inc.*, 2010 U.S. Dist. LEXIS 69862, at *4 (S.D.N.Y. 2010) ("Having lost on an issue that it could have submitted . . . Plaintiff cannot now use a motion for reconsideration to do an about-face and raise the entirely new argument . . . . By not raising that argument in its motion papers, Plaintiff waived it . . . .").

It is equally well-established that "[a] party seeking reconsideration may neither repeat arguments already briefed, considered and decided." *Sikhs for Justice*, 893 F. Supp. 2d at 605 (citation and quotation marks omitted). "The motion is not a substitute for appeal." *Morales v. Quintiles Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998). It is also not a "vehicle[] for taking a second bite at the apple" when a party does not like the way the Motion to Dismiss was resolved, or an opportunity for "a losing party examining a decision [] [to] then plug[] the gaps of a lost motion with additional matters." *Rafter v. Liddle*, 288 Fed. App'x. 768, 769 (2d Cir. 2008); *Sikhs for Justice*, 893 F. Supp. 2d at 606 (citation and quotation marks omitted); *Montanile*, 216 F. Supp. 2d at 342 (S.D.N.Y. 2002). This strict standard is designed to ensure that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Applying this stringent standard, the Motion must be denied.

# ARGUMENT

## 1.  Plaintiffs Have Failed to Demonstrate that Reconsideration is Warranted

The Motion falls far short of the strict standards to be met for reconsideration. Plaintiffs have utterly failed to articulate any intervening change in controlling law, the availability of new evidence that was not available before, or a clear error or manifest injustice that would materially alter the Opinion. Instead, they merely attempt to raise new arguments and theories in the hopes of filling in the gaps of a lost motion, or to reargue the merits, already considered and rejected – none of which is permitted on a motion for reconsideration.

### A.  There Has Been No Intervening Change in Controlling Law

Plaintiffs do not, and cannot, argue that there has been a change in the controlling law warranting a different result. It is well established that "[a]ny law relied on must be controlling in the literal sense that it emanates from the Court of Appeals for the Second Circuit." *Info. Superhighway, Inc. v Talk Am., Inc.*, 2003 U.S. Dist. LEXIS 20571, at *2 (S.D.N.Y. 2003). Courts have denied motions for reconsideration where, as here, the cases cited by the movant were either not from this Circuit, a lower court decision or not overlooked. *See e.g., Ades v. Deloitte & Touche*, 843 F. Supp. 888, 891-93 (S.D.N.Y. 1994).

Here, none of the cases cited in the Motion embody an intervening change in law warranting reconsideration. Indeed, the only recent case actually cited is *OneWest Bank v. Schiffman*, 2019 N.Y. App. Div. LEXIS 6792 (2d Dep't September 25, 2019), which is proffered in support of the claim that an action to void a judgment is not time-barred. Mem. Supp. pp. 17-18. However, *OneWest Bank* is decidedly not controlling in this District and, in any event, does not demonstrate an "intervening change" in law because it merely relies on established precedent and does not create new law. Furthermore, *OneWest Bank* was decided and reported on September 25, 2019, the same day that this Court invited NLG to submit papers in opposition to the Motion

to Dismiss and one day before NLG chose to merely adopt Kosachuk's Opposition. Thus, to the extent that NLG believed this case to be helpful, it certainly had an opportunity (and failed) to present it before this Court in its Opposition, which thereby would have allowed Selective to reply. It cannot be a basis for reconsideration here.

Moreover, contrary to Plaintiffs' contention, *OneWest Bank* does not create a new precedent that "there is no statute of limitations in actions to invalidate void judgment." Mem. Supp. p. 17. Rather, in *OneWest*, the court determined that the claims were not time-barred because, at the time the lender erroneously executed and recorded a satisfaction of mortgage, the lender had no property interest the mortgage or its discharge. *OneWest Bank*, 2019 N.Y. Slip Op 06782, *2-5. In doing so, *OneWest Bank* as well as the line of cases it relies on advanced the narrow and unrelated holding that "certain property interests [such as the discharge of a mortgage] are exempt from any time limit." *Faison v Lewis*, 25 N.Y.3d 220, 229 (2015); *see also Bank of NY Mellon Trust Co., N.A. v Claypoole*, 150 A.D.3d 505, 506 (1st Dep't 2017) ("The satisfaction of mortgage was void ab initio, because the party that filed it had already assigned away its interest under the mortgage."). This line of cases does not suggest – as Plaintiffs' attempt to argue – that actions to invalidate any judgment have no time limit.

Therefore, given that there has been no new holding since the Motion to Dismiss was submitted, there is no basis for this Court to revisit its Opinion.

### B. *No New Evidence was Presented*

Plaintiffs likewise cite to no new evidence in the Motion that was previously unavailable to them during their original Opposition. Instead, except for one, Plaintiffs cite only to court proceedings that all preceded their Opposition and were already presented to this Court in the fully submitted Motion to Dismiss. The only document mentioned by Plaintiffs that even arose after Plaintiffs' Opposition was filed is NLG's September 26, 2019 Motion to Alter Judgment/For

Reconsideration of an Order dismissing NLG's appeal of Judge A. Jay Cristol's Decision, filed in the case of *NLG, LLC v. Selective Advisors Group, LLC, et al.*, Case No. 1:18-cv-24272 before the United States District Court for the Southern District of Florida.[4] Of course, the filing of a motion to reargue, once again rehashing the same arguments, in a different court is not "new evidence" that can support a motion for reconsideration. And, in any event, to the extent NLG believed it to be relevant, it was provided an opportunity to present it to this Court in its own opposition, and instead chose not to do so. In choosing instead to merely adopt Kosachuk's Opposition without any supplementation, all such other arguments were waived.

### C. *There Were No Clear Factual Errors, and No Manifest Injustice*

Despite the allegation here, this Court did not "adopt[] a number of factual [] errors" in its Opinion (Mem. Supp., p. 2). Apart from casting aspersions on this Court's reasoning, Plaintiffs do nothing but rehash the same arguments that have been previously considered and rejected or present new arguments never previously submitted and, thus, waived. Moreover, while Plaintiffs argue certain determinations by this Court were erroneous, they never argue that they rose to the level of manifest errors that would materially alter the Opinion – presumably, because they know they do not. In fact, Plaintiffs simply proffer that they disagree with this Court's weighing of the competing submissions. None of these are grounds for reconsideration.

First, Plaintiffs' claim that this Court erred in determining that the validity of the Judgment was previously litigated in U.S. Bankruptcy Court for the Southern District of Florida because the Bankruptcy Court "refused" to consider the issue is flatly contradicted by the original record submitted on the Motion to Dismiss. NLG clearly raised alleged defects in the Judgment as part of

---

[4] Remarkably absent in the Motion is the fact that NLG in fact withdrew its Motion to Alter Judgment / For Reconsideration on October 15, 2019; and thus, it was denied as moot. *See NLG, LLC v. Selective Advisors Group, LLC, et al.*, Case No. 1:18-cv-24272, ECF No. 144, 145.

its counterclaim in that case and, during trial, its counsel argued to the court: "Mr. Kosachuk and NLG never got due process and maybe today we can get due process in front of the Court" and "I'm going to show you case law that says if somebody has not been given due process that can be raised at any time, and the judgment is void." ECF No. 73, Ex. S, p. 160, 162. Moreover, in response to the court's question concerning the validity of the Judgment – specifically "[a]re all of those judgments final and beyond the appeal time?" – counsel for NLG responded "yeah, I would think so at this point." ECF No. 73, Ex. S, pp. 21-22. Thus, this Court properly determined that Plaintiffs litigated the validity of the Judgment before the U.S. Bankruptcy Court for the Southern District of Florida. Any claim by Plaintiffs to the contrary merely expresses disappointment with the finding, not a basis for reconsideration.

Second, Plaintiffs' plea that the four motions filed by Kosachuk in New York State Court from May through June 2019 be counted as one abandoned motion because the four motions "were seeking the same underlying relief" is not only illogical but an insufficient reason for this Court to reverse its ruling. The protracted history of Plaintiffs' repeated abandonment of numerous applications, including but not limited to the four motions, to vacate the Judgment in various venues is set forth in detail in the Motion to Dismiss and properly laid out in the Opinion. ECF No. 73, pp. 3-5; Op., pp. 4-6.

Finally, Plaintiffs' urging that this Court erred in determining that they "continued to press their claims" after the satisfaction of the Judgment was filed similarly fails to state any error or manifest injustice. In fact, Plaintiffs' assertion that they only "renewed their efforts to 'press their claims'" because Selective sought to reference the Judgment in an adversary proceeding does not refute this Court's finding, but merely seeks to clarify it.

In short, none of the alleged "errors" are in fact errors at all, and certainly do not rise to the level of "manifest injustice" warranting reversal of the Opinion.

## D. There Were No Clear Errors of Law

As set forth above, a motion for reconsideration does not permit a party to raise legal theories or arguments that were not previously raised. Nor does it allow a party to reargue points that were previously proffered, considered and rejected. Notwithstanding this strict standard, in the Motion, Plaintiffs improperly do both.

### i. Plaintiffs' Attempts to Raise New Arguments Against Rooker-Feldman Are Impermissible

First, Plaintiffs improperly attempt to raise new arguments and legal theories against the application of *Rooker-Feldman* for the first time on reconsideration, including that: (1) the void *ab initio* exception bars its application; (2) the constitutional claims allege a separate injury from the Judgment; (3) the complained-of injury was not produced by the Judgment; and (4) NLG and Kosachuk were not state-court losers. Mem. Supp. pp. 3-13. In addition to the fact that these new arguments were waived by Plaintiffs and cannot now serve as a basis for reconsideration, none of these arguments has any merit.

First, the void *ab initio* exception to *Rooker-Feldman* has no application to these facts. That Plaintiffs have relied primarily on cases from bankruptcy court or other non-controlling jurisdictions to buttress their argument is not surprising given that, "[a]lthough some courts have recognized a void *ab initio* exception to *Rooker-Feldman*, this exception is limited to situations in which the harm complained of falls within the repository of jurisdiction arising by virtue of the bankruptcy, such as violations of the automatic stay or discharge injunction." *Buckskin Realty, Inc. v. Windmont Homeowners Ass'n (In re Buckskin Realty, Inc.)*, 2016 Bankr. LEXIS 3458, at *16 (Bankr. E.D.N.Y. 2016); *Neshewat v. Salem (In re Salem)*, 290 B.R. 479, 483 (S.D.N.Y. 2003).

"This is because the issuance of the bankruptcy discharge is a matter within exclusive federal jurisdiction and a state court that does not honor a bankruptcy discharge is, in effect, not honoring a federal judgment." *Cohen v. CDR Creances S.A.S. (In re Euro-American Lodging Corp.)*, 2013 U.S. Dist. LEXIS 191817, at *13 (S.D.N.Y. 2013). However, it is well-established that such exception does not, as Plaintiffs claim, "permit attacks on a state court judgment simply because a federal plaintiff alleges that the state judgment is 'void.'" *Buckskin Realty, Inc.*, 2016 Bankr. LEXIS 3458, at *16.

In fact, notwithstanding Plaintiffs' misleading claim that "the Second Circuit itself has not ruled on the subject," the Second Circuit has specifically held that "asking the federal court to determine whether the state judgment was wrongfully issued" and to "have the state judgment declared 'void'" necessarily requires "the federal court to review the state proceedings and determine that the [] judgment was issued in error." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Following this reasoning, courts in this district have held that a "plaintiff's allegation that 'the state court judgment is void, and should be vacated or set aside . . . is precisely the type of case the *Rooker-Feldman* doctrine bars." *Gifford v. United N. Mortg. Bankers, Ltd.*, 2019 U.S. Dist. LEXIS 112796, at *29 (S.D.N.Y. July 8, 2019) (citation omitted).

Second, this Court properly determined that Plaintiffs' injuries were caused by the Judgment. That Plaintiffs have alleged certain related constitutional issues does not change the inquiry. The mere allegation of constitutional claims does not, by itself, create an independent injury because "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court" and "the simple assertion of a constitutional claim does not create an independent injury if the plaintiff's injury is caused by the state court judgment." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 706 (S.D.N.Y. 2011). This is especially

true where, as here, the alleged constitutional claims were "inextricably intertwined with the state court's denial," meaning that there was an opportunity to litigate the claims in the state-court action. *Hoblock v Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Plaintiffs' unsubstantiated claim that "NLG never had an opportunity to litigate the claim as it had no knowledge of the Judgment" is factually erroneous and has previously been litigated and denied. As detailed in the Motion to Dismiss and in Opposition to Kosachuk's Motion for Summary Judgment, the Judgment was entered into by Raymond Houle, NLG's authorized representative; thus, NLG had full knowledge of and an opportunity to litigate the Judgment at all times. ECF No. 85, p. 7; No. 76, p. 22. These issues were also previously litigated in Florida and rejected. ECF No. 81, Exs. U, W.

Moreover, Plaintiffs' citations to *Sung Cho* and *Sykes* in support of their claim that the "the state court merely ratified rather than produced NLG's injuries" does not alter this Court's analysis. Neither case actually supports their position. Unlike here, in *Sung Cho*, the state-court judgment was found to have ratified (rather than caused) the injuries because plaintiffs were "attempting to remedy an alleged injury caused when, prior to any judicial action, they were coerced to settle, not an injury that flows from a state-court judgment." *Sung Cho v. City of NY,* 910 F3d 639, 649 (2d Cir. 2018). Likewise, in *Sykes*, while the court held that the judgments were a mere ratification not barred by *Rooker-Feldman*, its holding relied on the fact that plaintiff's claim did not primarily target the reversal of the state-court judgments. *Sykes v. Mel S. Harris and Associates, LLC*, 780 F.3d 70, 94 (2d Cir. 2015). In contrast, here, Plaintiffs are not trying to remedy any injury caused as a result of the Judgment and their only goal is its eradication.

Third, this Court properly determined that Plaintiffs were both state-court losers. Once again, the claim that NLG had no knowledge of or opportunity to litigate the Judgment is without

basis. The Judgment was duly executed by NLG's authorized representative and NLG was not only aware of the Judgment at all times, but has repeatedly sought to vacate the Judgment in various proceedings. ECF No. 85, p. 7; No. 76, p. 22. Furthermore, as previously cited in the Motion to Dismiss and by this Court in its Opinion, Kosachuk's status as a non-party to the Judgment does not foreclose application of *Rooker-Feldman* because a "nonparty can be bound by the results of someone else's litigation when, in certain limited circumstances, a person, although not a party, has his interests adequately represented [by] someone with the same interests who is a party." *Gould v. Airway Office, LLC*, 2016 U.S. Dist. LEXIS 94229, *10 (S.D.N.Y. July 19, 2016) (citation omitted).[5] Their claim that "Kosachuk's interests were never represented at all, adequately or otherwise" because "NLG was never able to obtain a ruling on the merits" is illogical. Whether or not NLG was ultimately successful on its allegations is irrelevant – Kosachuk does not and cannot dispute, as this Court correctly determined, that he actively participated in these proceedings at all times.

### ii. Plaintiffs are Barred from Re-litigating Same Arguments on Rooker-Feldman

Plaintiffs' attempts to revisit and relitigate particular issues already briefed and decided against them is likewise impermissible and should not be countenanced by this Court. Specifically, Plaintiffs argue, again without citing to any new cases or facts, that this Court got it wrong in deciding that: (1) NLG had an opportunity to litigate the Judgment; (2) NLG and Kosachuk were state-court losers; (3) Kosachuk participated or had the opportunity to participate in the state-court proceedings; (4) Kosachuk is in sufficient privity with NLG; and (5) Raymond Houle had authority to execute the Judgment on behalf of NLG. Plaintiffs, however, are not entitled to reconsideration

---

[5] As stated previously in Selective's Reply, the court's decision in *Lance v. Dennis* is not to the contrary because it specifically stated that its holding did not foreclose other circumstances "in which Rooker-Feldman may be applied against a party not named in an earlier state proceeding." *Lance v. Dennis*, 546 U.S. 459, 466, n.2 (2006); ECF No. 85, p. 2.

merely because they disagree or are disappointed with the Court's conclusions. *See In re Salomon Analyst Winstar Litig.*, 2006 U.S. Dist. LEXIS 8388, at *3 (S.D.N.Y. Feb. 28, 2006) (stating that motions for reconsideration are not opportunities for the movant to relitigate old matters or raise arguments they should have raised before).

<ol type="i" start="3">
<li>Plaintiffs' Attempts to Raise New Arguments Against the Statute of Limitations are Inappropriate</li>
</ol>

This Court properly determined that a six-year statute of limitations – beginning February 22, 2012, the date the Judgment was entered in New York State Court – governs these facts. Op., p. 13 (citing CPLR § 213(8); *Weinstein v. Pollack*, 617 N.Y.S. 2d 344, 346 (2d Dep't 1994)). In the Motion, Plaintiffs urge this Court to revisit the statute of limitations issue, arguing for the first time in this Motion that the claims are timely because the statute of limitations did not accrue until April 21, 2014, the date that the Judgment was domesticated in Florida. This is decidedly improper and cannot serve as a basis for reconsideration. But in any event, the argument decidedly lacks merit.[6]

There is no basis for Plaintiffs' argument that their cause of action did not begin to accrue until the Judgment was domesticated in Florida. The crux of Plaintiffs' purported injuries has always been the filing of the Judgment in 2012 with the New York State Supreme Court, which Plaintiffs have consistently contended was the product of fraud. It is that Judgment that Plaintiffs seek to reverse by voiding it. ECF No. 1. Now, for the first time, they claim that "neither NLG nor Kosachuk had a cause of action [before April 21, 2014] because they suffered no injury."

---

[6] Plaintiffs also ask this Court to reconsider the statute of limitations bar because (1) the action "is not based on fraud"; and (2) "there is no statute of limitations in actions to invalidate void judgments." Both arguments that were raised in their Opposition and properly considered and rejected by this Court. Without new law or new evidence that was unavailable to Plaintiffs before, these arguments do not warrant reconsideration. *See* Section I *supra*. Moreover, even assuming that Plaintiffs are correct that the claims do not sound in fraud, the action would still be time-barred under the same six year catch-all statute of limitations pursuant to CPLR § 213(1). ECF No. 85, pp. 6-7.

Additionally, Plaintiffs' theory is inherently inconsistent with their prior statements. On the one hand, Plaintiffs' submit that *Rooker-Feldman* cannot apply because their injuries occurred as a result of the purported fraud and misconduct in or around 2012 and, thus, existed *prior* to the entry of the Judgment. Mem. Supp. p. 12 (citing *McKithen v. Brown*, 481 F.3d 89 (2d Cir. 2007) for the proposition that injuries "existed *prior* in time to the state-court proceedings"). Yet, now, in a last ditch attempt to escape the statute of limitations bar, Plaintiffs suddenly declare that they suffered no injury at any time prior to 2014. This is palpably improper. Plaintiffs cannot simply pick and choose when their injuries occurred to fit different legal theories. Moreover, if it is true that they suffered no injury from the entry of the Judgment and injury, if any, arose only from the subsequent domestication of the Judgment in Florida, then they should only be seeking to reverse the domestication in Florida (which they attempted and failed to do on numerous occasions in 2014), rather than seeking to vacate the Judgment here. ECF No. 73, pp. 21-22.

> iv.   Availability of a Plenary Action Does Not Materially Alter the Analysis

The Motion submits that "Selective [] argued that a plenary action, such as this one, was required to challenge the Judgment" and, as such, Plaintiffs "have an absolute right, under New York law, to file a plenary action such as this action." Mem. Supp., p. 2, 15. The Motion fails to support this argument with any new law or evidence that would warrant reconsideration. Without meeting this burden, the Motion also fails. To the extent, this Court undertook reconsideration of this argument, there is nothing raised in the Motion that would alter the Opinion. Whether or not Plaintiffs were required to file a plenary action does not alter this Court's reasoned analysis barring this action under *Rooker-Feldman* and the applicable statute of limitations. As such, it is wholly irrelevant and immaterial to the Opinion.

## CONCLUSION

For the reasons set forth above, Selective respectfully requests that the Motion be denied

in its entirety, and for other relief as this Court may deem just and proper.

Dated:  New York, New York
      October 25, 2019

Respectfully submitted,

WHITE AND WILLIAMS LLP

By: _____

Nicole A. Sullivan, Esq.
Thomas E.  Butler, Esq.
sullivann@whiteandwilliams.com
7 Times Square, Suite 2900
New York, New York 10036
(212) 631-4420
*Attorneys for Selective Advisors Group, LLC*
