UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19-cv-4844 (DLC)

CHRIS KOSACHUK,

    Plaintiff,

NLG, LLC,

    Intervenor,

v.

SELECTIVE ADVISORS GROUP, LLC,

    Defendant.
_____/

**MEMORANDUM OF LAW IN REPLY TO SELECTIVE'S
MEMORANDUM OF LAW IN OPPOSITION TO
KOSACHUK AND NLG LLC'S
MOTION FOR RECONSIDERATION [DOC. 97]**

Memorandum of Law in Reply to Opposition to Motion for Relief from Order
Case No. 19-cv-4844 (DLC)
Page 2

Plaintiff Chris Kosachuk ("Kosachuk"), *pro se* and NLG, LLC ("Movants"), through undersigned counsel, file this Memorandum of Law in Reply to Selective Advisors Group, LCC's Memorandum of Law [Doc. 97] in Opposition to Kosachuk's and NLG, LLC's Motion for Rehearing, or to Alter or Amend the September 30, 2019 Opinion and Order ("the Order") [Doc. 94], pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## APPLICABLE STANDARD

Movants accept that the standard for granting a motion to reconsider is strict and that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). This is precisely what the motion here is asserting. The *Shrader* case affirmed the granting of a motion to reconsider when appellee introduced additional case law and substantive legislative history. It is submitted that this Court has the discretion to reconsider pursuant to the controlling decisions that the court overlooked in its order of September 30, 2019.

In its original opposition to Selective's motion to dismiss, Kosachuk argued that *Rooker-Feldman* has no application to this case. In ruling against movants, this Court overlooked controlling decisions that might reasonably be expected to alter the conclusion reached by the court, precisely the type of situation approved in the *Shrader* case. Likewise, in dismissing the case on statute of limitations, this Court likewise mistook the gravamen of Kosachuk's complaint as an action sounding in fraud. This Court overlooked the fact that the complaint was not seeking damages for fraud, but a declaration that the Judgment by Confession was obtained without jurisdiction or due process and therefore on its face void as a matter of law. The complaint raised constitutional issues. Any mention of fraud was incidental and can be stricken, should this Court

Memorandum of Law in Reply to Opposition to Motion for Relief from Order
Case No. 19-cv-4844 (DLC)
Page 3

so require.

### Rooker-Feldman Has No Application to This Case

As argued in the original Memorandum in Opposition to Selective's Motion to Dismiss, the *Rooker-Feldman* doctrine does not apply to this declaratory action. In its latest Memorandum, Selective does not dispute:

(1) That the case law in New York provides that the Judgment by Confession can be attacked by a motion to vacate or by plenary action. In fact, in some cases, the courts **require** a plenary action such as this one.

(2) Kosachuk could have filed his plenary action in state court and such an action would not have been an appeal of the 2012 Judgment by Confession. By the time Kosachuk learned of the Judgment by Confession, the time for appeal had long ago expired. Selective never disputed the fact that the original plaintiff, 9197-5904 Quebec, Inc., provided an address for NLG as its own Florida attorney, thus insuring that neither NLG nor Kosachuk would receive notice of the Judgment by Confession directly from the clerk of the court.

(3) Kosachuk had the right, under the declaratory judgment and diversity statutes, to file this plenary action in federal court. Selective never disputed this fact and this Court overlooked a controlling statute and case law that "[t]he Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch 11, 1 Stat 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp.* v. *Saudi Basic Industries Corp.,* 544 U.S. 280, 293, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (citations omitted).

This Court only considered preclusive effect in the context of its discussion of Kosachuk's privity with NLG. But in this case, this Court's dismissal order overlooked

Memorandum of Law in Reply to Opposition to Motion for Relief from Order
Case No. 19-cv-4844 (DLC)
Page 4

Kosachuk's argument that if he could file a plenary action in state court, *Rooker-Feldman* was not a bar to filing it in federal court. Selective's only response was that "a Plenary Action Does Not Materially Alter the Analysis." [Doc. 97, p. 21]. Actually, it does and that was central to Kosachuk's argument that *Rooker-Feldman* has no application in this case, which was made in the original response by citing to the full faith and credit statute -- 28 U.S.C. § 1738. To comply with this Court's page limitation, the original response did not discuss the *Erie* Doctrine, under which "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996). This Court overlooked New York law establishing Kosachuk's right to bring a plenary action. In fact, it never even mentioned it.

In connection with the same argument that the *Rooker-Feldman* doctrine does not apply to this declaratory action, Kosachuk admittedly did not assert that he was not a state court loser. However, Selective never argued that Kosachuk was in privity with NLG for the purpose of applying *Rooker-Feldman*. It only mentioned "privity" in connection with its argument that collateral estopped and res judicata applied. This Court *sua sponte* discussed it in its dismissal order. In doing so, this Court cited *Gould v. Airway Office, LLC*, 2016 U.S. Dist. LEXIS 94229 (S.D.N.Y. July 19, 2016), which was never cited by Selective. The Court in *Gould* stated: "Under federal law, a nonparty can be bound by the results of someone else's litigation when, in certain limited circumstances, a person, although not a party, **has his interests adequately represented by someone with the same interests who is a party**." *Id.* at *10 (internal quotations omitted, emphasis added).

Selective's response to this argument was that NLG's interests were adequately represented because the Judgment by Confession "was duly executed by NLG's authorized

Memorandum of Law in Reply to Opposition to Motion for Relief from Order
Case No. 19-cv-4844 (DLC)
Page 5

representative." That alleged duly authorized representative was Raymond Houle, the president of the plaintiff Quebec. It is obvious that a plaintiff cannot adequately represent the interests of a defendant and that Houle's interests were obviously not the same as Kosachuk's or NLG's. Selective also argued that "Kosachuk … actively participated in these proceedings at all times." Unless Selective means through Houle, the record evidence is undisputed that the only two participants in the recordation of the Judgment by Confession in 2012 were Houle and his attorney, Darius Marzec. As this Court's order found by going beyond the four corners of the complaint, Kosachuk had just learned of the Judgment by Confession in March of 2013.

## CONCLUSION

For the reasons stated, Kosachuk and NLG pray that this Court will alter or amend its Order [Doc. 94], deny the motion to dismiss, grant summary judgment and such other and further relief that this Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| **NLG, LLC** | **CHRIS KOSACHUK** |
| **Intervenor** | **PRO SE PLAINTIFF** |
| Juan Ramirez, Jr. | Chris Kosachuk |
| ADR Miami, LLC | 854 Pheasant Run Rd. |
| Florida Bar No. 201952 | West Chester, PA 19382 |
| ADR Miami LLC | (305) 490-5700 |
| 1172 S. Dixie Hwy. #341 | chriskosachuk@gmail.com |
| Coral Gables, FL 33146 | |
| (305) 667-6609 | |
| jr@adrmiami.com | |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF to the parties on the attached service list as indicated on this 28th day of October, 2019.

Memorandum of Law in Reply to Opposition to Motion for Relief from Order
Case No. 19-cv-4844 (DLC)
Page 6

| | |
|---|---|
| **NLG, LLC** | **CHRIS KOSACHUK** |
| **Intervenor** | *Pro Se* **Plaintiff** |
| Juan Ramirez, Jr. | */S/ CHRIS KOSACHUK* |
| ADR Miami, LLC | Chris Kosachuk |
| Florida Bar No. 201952 | 854 Pheasant Run Rd |
| ADR Miami LLC | West Chester, PA 19382-8144 |
| 1172 S. Dixie Hwy. #341 | (305) 490-5700 |
| Coral Gables, FL 33146 | chriskosachuk@gmail.com |
| (305) 667-6609 | |
| jr@adrmiami.com | |

## SERVICE LIST

### Via CM/ECF

Nicole Ann Sullivan, Esq. on behalf of Selective Advisors Group, LLC
Sullivann@whiteandwilliams.com

Shruti Panchavati, Esq. on behalf of Selective Advisors Group, LLC
Panchavatis@whiteandwilliams.com