**EXHIBIT E**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CHRIS KOSACHUK,                          :    19cv4844 (DLC)
                                         :
                        Plaintiff,       :    MEMORANDUM OPINION
                                         :         AND ORDER
NLG, LLC,                                :
                                         :
                        Intervenor,      :
                                         :
            -v-                          :
                                         :
SELECTIVE ADVISORS GROUP, LLC,           :
                                         :
                        Defendant.       :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Chris Kosachuk, pro se
854 Pheasant Run Road
Westchester, PA 19382
(305) 490-5700

For the intervenor:
Juan Ramirez, Jr.
ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
(305) 667-6609

For the defendant:
Nicole A. Sullivan
Thomas E. Butler
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(212) 631-4420

DENISE COTE, District Judge:

On October 11, 2019, Chris Kosachuk ("Kosachuk") and NLG, LLC ("NLG") moved under Rule 59, Fed. R. Civ. P., for reconsideration of an Opinion of September 30, 2019 dismissing the complaint for, among other things, lack of subject matter jurisdiction.[1] Kosachuk v. Selective Advisors Group, No. 19cv4844(DLC), 2019 WL 4805742 (S.D.N.Y. Sept. 30, 2010) ("September Opinion"). For the reasons that follow, the October 11 motion for reconsideration is denied.

The relevant factual and procedural history is described in the September Opinion, which is incorporated by reference. See 2019 WL 4805742, at *1-2. In summary, Kosachuk, the founder and sole manager of NLG, seeks a declaration pursuant to 28 U.S.C. § 2201 that a judgment by confession entered against NLG by the New York Supreme Court in 2012 ("2012 Judgment") is void ab initio because it was procured by fraud and in violation of due process. While Kosachuk and NLG admit that the 2012 Judgment is final and non-appealable, since 2014 they have brought numerous

---

[1] The motion is brought under Rule 59(a), Fed. R. Civ. P., which governs either a motion for a new trial in a jury proceeding or a motion to modify the factual findings or judgment in a nonjury proceeding. Rule 59(a) is not a vehicle by which a party may seek reconsideration of an order granting a motion to dismiss. Accordingly, this Opinion construes the motion as a motion for reconsideration brought under Rule 59(e), Fed. R. Civ. P., and Local Rule 6.3.

2

motions in the New York Supreme Court to vacate it.[2]  With few exceptions, Kosachuk and NLG abandoned these motions prior to a ruling on the merits.[3]  Kosachuk recently withdrew four fully submitted state-court motions to vacate the 2012 Judgment in favor of this federal action.  The September Opinion dismissed Kosachuk and NLG's complaint on the ground that his claims were barred by Rooker-Feldman.  In the alternative, the September Opinion dismissed the complaint because it was barred by the statute of limitations applicable to an action to vacate a judgment by confession under New York law.

The standard for granting a motion for reconsideration is "strict."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Id. (citation omitted).  "A motion for reconsideration should be granted only when the defendant

---

[2] Kosachuk and NLG brought these motions under N.Y. C.P.L.R. § 5015(a)(3), which allows the New York Supreme Court to grant relief from a judgment on grounds of fraud, misrepresentation, or misconduct by an adverse party.

[3] In their motion for reconsideration, Kosachuk and NGL clarify that they abandoned one of their state-court motions in 2015 because a satisfaction of judgment was filed in the New York Supreme Court.  In 2018, Kosachuk and NLG renewed their efforts to vacate the 2012 Judgment because an adverse party sought to use the satisfied judgment to offset claims in a related foreclosure proceeding.

3

identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Kosachuk and NLG have not identified any error of law or fact that merits reconsideration of the September Opinion. Instead, they principally raise new arguments or seek to revive old arguments already considered and rejected by the September Opinion. A motion for reconsideration is not a substitute for an appeal; nor is it a vehicle for new arguments not raised in opposition to the motion to dismiss. Analytical Surveys, 684 F.3d at 52.

To the extent any of Kosachuk and NLG's legal arguments are properly considered on a motion for reconsideration, they are incorrect. In arguing that Rooker-Feldman does not apply to void judgments, for example, Kosachuk and NLG rely on a line of

4

bankruptcy decisions inapposite to this case.  See, e.g., In re Rey, 324 B.R. 449, 453 (Bankr. E.D.N.Y. 2005) (bankruptcy court may void state-court judgment entered in violation of bankruptcy discharge order issued pursuant to 11 U.S.C. § 524(a)).  As explained in the September Opinion, Kosachuk and NLG's claims are paradigmatic of those barred by Rooker-Feldman.  See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014).  Similarly, to the extent Kosachuk and NLG assert that the September Opinion contains a handful of imprecise characterizations of the record in this case, they have failed to explain how any of them are material to the basis for the dismissal of their claims.  Kosachuk and NLG's claims remain barred by Rooker-Feldman.

## Conclusion

The October 11, 2019 motion for reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
          November 13, 2019

_____
DENISE COTE
United States District Judge

5